18

In the Matter of FRANK J. CARAMICO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 10, 1990

**APPEARANCES OF COUNSEL**

*Robert H. Straus (Diana J. Szochet* of counsel), for petitioner.

*Jerome Karp* for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law by this court on February 14, 1979. The Special Referee sustained all six charges of professional misconduct against the respondent.

The petitioner moves to confirm the report of the Special Referee, and the respondent moves to confirm in part and disaffirm in part.

Charge one alleged that the respondent converted client funds to his own use in that he retained the interest earned on escrow funds held by him which amounted to $21,705.50 and subsequently withdrew these moneys for his own personal use.

Charge two alleged that the respondent mishandled the clients' funds alluded to in charge one by withdrawing the interest earned on escrow funds and by failing to promptly pay his clients funds they were entitled to receive.

Charge three alleged that the respondent commingled clients' funds with funds belonging to himself and his law firm, in that he issued checks drawn on his "Client Fund Account" for his own personal use.

Charge four alleged that the respondent failed to maintain a ledger book or similar record for his escrow account as required by the rules of this court.

Charge five alleged that the respondent provided false and misleading responses to the legitimate inquiries of the Grievance Committee.

Charge six alleged that the respondent gave false and misleading testimony in response to the legitimate inquiries of the Grievance Committee.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined above. Therefore, the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's motion is denied to the extent that it seeks to disaffirm said report.

The respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, BROWN and KUNZE-
MAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of
the Special Referee is granted; and it is further,

Ordered that that branch of the respondent's motion which
is to confirm in part the report of the Special Referee is
granted; and it is further,

Ordered that that branch of the respondent's motion which
is to disaffirm in part is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective
immediately, the respondent Frank J. Caramico, is disbarred
and his name is stricken from the roll of attorneys and
counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with
this court's rules governing the conduct of disbarred, sus-
pended and resigned attorneys (22 NYCRR 691.10); and it is
further,

Ordered that pursuant to Judiciary Law § 90, effective
immediately, the respondent Frank J. Caramico is com-
manded to desist and refrain (1) from practicing law in any
form, either as principal or as agent, clerk or employee of
another, (2) from appearing as an attorney or counselor-at-law
before any court, Judge, Justice, board, commission or other
public authority, (3) from giving to another an opinion as to
the law or its application or any advice in relation thereto,
and (4) from holding himself out in any way as an attorney
and counselor-at-law.