[18 NYS3d 117]

In the Matter of JEFFREY A. FARKAS (Admitted as JEFFREY ALAN FARKAS), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, October 21, 2015

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated August 25, 2014, containing four charges of professional misconduct. After a hearing on February 24, 2015, the Special Referee issued a report, which sustained all of the charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. The respondent has neither submitted a response to the motion, nor has he requested additional time in which to do so.

Charge one alleges that the respondent engaged in a pattern and practice of misappropriating escrow funds entrusted to him as a fiduciary, in violation of rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent, as sole remaining shareholder of "Wolfson, Farkas and Garvey, P.C.," maintained an attorney escrow account at JPMorgan Chase Bank, entitled, "IOLA-Wolfson, Farkas and Garvey, P.C." (hereinafter escrow account). Between May 8, 2013 and October 15, 2013, the respondent deposited into, and paid from his escrow account, funds on behalf of clients Rainford, Pappas, Lazar, Rosenberg, Singer, Klein, and Krantz, as follows:

| Date | Deposit | Client | Payout Date |
|------|---------|--------|-------------|
| 5/08/13 | $ 5,000 | Rainford | 07/11/13 |
| 5/08/13 | $ 34,900 | Pappas | 07/12/13 |
| 5/08/13 | $ 32,500 | Lazar | 08/20/13 |

| | | | |
|---|---|---|---|
| 5/29/13 | $ 79,900 | Rosenberg | 08/27/13 |
| 6/10/13 | $ 42,500 | Singer | 08/29/13 |
| 6/12/13 | $ 43,500 | Klein | 08/29/13 |
| 6/17/13 | $ 50,000 | Krantz | 10/15/13 |

Between June 17, 2013 and July 11, 2013, the respondent was required to maintain a total of $288,300 in escrow regarding the aforementioned clients. Between those dates, the balance in the respondent's escrow account fell below $288,300 on several occasions, as follows:

| Date | Account Balance |
|---|---|
| 6/17/13 | $ 279,827.41 |
| 6/18/13 | $ 265,628.16 |
| 6/20/13 | $ 263,627.41 |
| 6/28/13 | $ 210,878.41 |
| 7/01/13 | $ 250,878.41 |
| 7/02/13 | $ 250.863.41 |
| 7/03/13 | $ 252,071.41 |
| 7/08/13 | $ 262,071.41 |

Between August 19, 2013 and November 6, 2013, the respondent deposited into, and paid from his escrow account, funds on behalf of clients Licata and Kekish, as follows:

| Date | Deposit | Client | Payout Date |
|---|---|---|---|
| 7/12/13 | $ 20,000 | Licata | 11/06/13 |
| 8/19/13 | $ 23,500 | Kekish | 11/26/13 |

Between August 19, 2013 and November 6, 2013, the respondent was required to maintain a total of $43,500 in escrow regarding these two clients. Between those dates, the balance in the respondent's escrow account fell below $43,500, as follows:

| Date | Account Balance |
|---|---|
| 9/03/13 | $ 29,023.58 |
| 9/30/13 | $ 30.40 |

Charge two alleges that the respondent commingled personal and business funds with funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0). Between March 1, 2013 and November 30, 2013, the respondent maintained funds entrusted to him as a fiduciary, incident to

his practice of law, in his escrow account. Between those dates, the respondent deposited personal funds into his escrow account, and failed to withdraw his legal fees from his escrow account when earned.

Charge three alleges that the respondent made cash withdrawals from his escrow account, in violation of rule 1.15 (e) of the Rules of Professional Conduct (22 NYCRR 1200.0). In August 2013, the respondent made three automatic teller machine cash withdrawals from his escrow account.

Charge four alleges that the respondent failed to maintain a ledger book or similar record of deposits into and withdrawals from his escrow account, in violation of rule 1.15 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent failed to maintain a ledger book or similar record for his escrow account showing the source of all such funds therein, the names of all persons for whom funds were held, the amount of such funds, the charges or withdrawals from the account, and the names of all persons to whom such funds were disbursed.

Based on the evidence adduced, and the respondent's admissions, the Special Referee properly sustained all of the charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

The evidence in this case, particularly the respondent's testimony at his examination under oath, reveals that there was a wholesale disregard by the respondent of the rules governing fiduciary responsibilities and the proper maintenance of an escrow account. Because he ignored the rules, his escrow account turned into, in effect, a combined personal and trust account. He kept and deposited personal funds into his escrow account and freely paid personal expenses from his escrow account, including authorizing automatic payments. The respondent knowingly used his escrow account for personal transactions, since it was not strictly an escrow account as it contained personal funds, all the while failing to maintain a proper ledger. Relying on the fact that at all times he had adequate funds in other accounts or elsewhere to make up any deficiencies, and given that the clients ultimately received their funds when due, the respondent adopted the attitude that he need not comply with any of the rules governing escrow accounts.

In mitigation, the respondent was contrite. Moreover, by the date of his second examination under oath, he had ceased keep-

ing personal funds in his escrow account. After the hearing, the respondent submitted a letter from his paralegal, who indicated that she knew of no complaints against the respondent and that it was her opinion from fielding thousands of calls from clients and third parties that the respondent "has an exemplary reputation in the community for honesty and integrity and fair dealing."

With respect to mitigation, the Special Referee remarked that "[n]otwithstanding the respondent's admissions as well as his personal lamentations, his past laissez faire attitude toward the Rules of Professional Conduct negates any excuses, inasmuch as his unacceptable behavior is the very antithesis of proper conduct required by a lawyer."

Notwithstanding the lack of intent to personally profit from his lax practices, and the availability of other funds to make up for any deficiencies, the respondent's wholesale disregard of the rules governing the proper maintenance of an escrow account placed his clients' funds at risk. The misconduct in question was not isolated, and the respondent was not a novice. Moreover, the respondent had a background in accounting, finance, and tax, which should have informed him that his lax practices were totally improper. Under the totality of the circumstances, the respondent is suspended from the practice of law for two years.

ENG, P.J., RIVERA, DILLON, BALKIN and LEVENTHAL, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Jeffrey A. Farkas, admitted as Jeffrey Alan Farkas, is suspended from the practice of law for a period of two years, commencing November 20, 2015, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than May 20, 2017. In such application, the respondent shall furnish satisfactory proof that (1) that during the said period he refrained from practicing or attempting to practice law, (2) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c); and (4) he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Jeffrey A. Farkas, admitted as Jeffrey Alan Farkas, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Jeffrey A. Farkas, admitted as Jeffrey Alan Farkas, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Jeffrey A. Farkas, admitted as Jeffrey Alan Farkas, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).