Matter of Gonzalez (2018 NY Slip Op 06739)





Matter of Gonzalez


2018 NY Slip Op 06739


Decided on October 10, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
SANDRA L. SGROI, JJ.


2018-00722 

[*1]In the Matter of Osvaldo J. Gonzalez, admitted as Ozzie J. Gonzalez, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Osvaldo J. Gonzalez, respondent. (Attorney Registration No. 1648682)



JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Ninth Judicial District, and the respondent, Osvaldo J. Gonzalez, for discipline by consent. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on November 14, 1979, under the name Ozzie J. Gonzalez.



Gary L. Casella, White Plains, NY (Forrest Strauss of counsel), for petitioner.
Meredith Heller, New York, NY, for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Ninth Judicial District (hereinafter the petitioner) served the respondent with a notice of petition dated January 16, 2018, and a verified petition dated January 10, 2018, containing seven charges of professional misconduct. The petitioner and the respondent now move, pursuant to 22 NYCRR 1240.8(a)(5), for discipline by consent, requesting that the respondent be suspended from the practice of law for a period of three years.
As provided for in 22 NYCRR 1240.8(a)(5)(i)(A), the parties have submitted a joint affirmation dated March 27, 2018, in support of the motion. By virtue of the stipulation submitted with the joint affirmation, the parties have agreed that the following is not in dispute:
The Stipulated Facts
From June 29, 2013, and continuously thereafter through on or after June 30, 2017, the respondent maintained an attorney special account at JP MORGAN CHASE Bank, entitled "The Law Office Of Osvaldo J. Gonzalez," account no. ending x3571 (hereinafter the special account).
The petitioner conducted an audit and review of the respondent's special account for the period June 29, 2013, through June 30, 2017 (hereinafter the petitioner's audit). The respondent concedes that he is unable to dispute the accuracy of the petitioner's audit findings.
As alleged in charge one, the respondent admits that he failed to properly caption his special account, as it did not identify the account as an attorney special, attorney escrow, or attorney trust account, in violation of rule 1.15(b)(2) of the Rules of Professional Conduct (22 NYCRR 1200.0).
As alleged in charge two of the petition, the respondent admits that he failed to maintain required bookkeeping records for the special account, in violation of rule 1.15(d)(1) and (2) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent failed to maintain records of all transactions relating to the special account, all checkbooks, check stubs, bank [*2]statements, prenumbered canceled checks, and duplicate deposit tickets, as well as a checkbook register, or ledger book. The respondent also failed, inter alia, to maintain all retainer and compensation agreements with clients, and/or all statements to clients or other persons showing the disbursement of funds to them or on their behalf, and/or all bills rendered to clients, as well as all retainer and closing statements filed with the New York State Office of Court Administration.
As alleged in charge three of the petition, the respondent admits that he failed to maintain complete records of all funds, securities, and other properties of his clients and/or third persons, and to render appropriate accounts to clients, third persons, and/or the petitioner Grievance Committee, in violation of rule 1.15(c)(3) of the Rules of Professional Conduct (22 NYCRR 1200.0). Despite repeated requests by the petitioner during the course of its investigation, the respondent failed to provide a complete itemization of: (1) the funds being held in the special account on June 29, 2013; (2) the client matters for each check paid to the respondent from the special account; and (3) the funds deposited into and the disbursements made from the special account for the audit period.
The respondent admits that he has engaged in conduct which adversely reflects upon his fitness as an attorney, as alleged in charge four of the petition, by failing to account for special account disbursements totaling $74,956.10, which were made without any corresponding deposit having been made prior thereto, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
Client Matter Amount Disbursed
Albina Enterprises $ 9,750.00
Barnes v Benko$ 700.00
Bonilla v Cohan $15,147.75
Estate of Mary Stein Weinemuller $14,250.00
Jailale Trust-II $18,350.00
Vito Lurchini $13,910.00
Moran v Best $ 2,848.35
As alleged in charge five of the petition, the respondent admits that he engaged in commingling, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent used his special account to deposit and issue disbursements in connection with Excelsior Legal Services, a legal service and attorney referral agency owned and operated by him. In or about October, 2015, the respondent deposited or caused to be deposited, the sum of $102,500 into his special account, which represented fees that he had earned through Excelsior Legal Services. Although the respondent made a disbursement of $10,500 on behalf of Excelsior, he has failed to disburse the remaining $92,000 from the special account.
As alleged in charge six, the respondent admits that he failed to promptly pay or deliver to clients or third persons the funds, securities, or other properties in his possession that they are entitled to receive from his special account, in violation of rule 1.15(c)(4) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent had failed to disburse funds received incident to his practice of law to one or more clients and/or other third parties entitled to receive them during the audit period under review, totaling $92,826.97, as follows:
Client MatterAmount Undisbursed Since
Phabian Bonnomettre $12,000.00 12/20/16
Booker v Bronx Lebanan $22,566.00 11/21/14
Wayne & Sylvia Edwards $ 700.00 11/25/15
Estate of James Grand $18,850.95 11/17/15
Ashley Guananga $25,000.00 12/17/14
A. Locascio/City Marshall $ 3,460.02 12/20/16
Rodriguez v Utah $ 5,250.00 10/19/15
Lizandro Saravia $ 5,000.00 6/03/15
Based upon the foregoing, as alleged in charge seven, the respondent also admits that he engaged in conduct that adversely reflects upon his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Findings and Conclusion
As required by 22 NYCRR 1240.8(a)(5)(ii), the respondent has submitted an affidavit dated March 27, 2018, wherein he (1) conditionally admits the facts as set forth in the stipulation; (2) consents to the imposition of a three-year suspension; (3) states that his consent is being given [*3]freely and voluntarily without coercion or duress; and (4) is fully aware of the consequences of consenting to such discipline.
In mitigation, the respondent requests the Court to consider that he has spent much of his career representing low-income and indigent clients as a criminal defense attorney, and that he recently entered into a monitoring agreement with the Lawyer's Assistance Program of the New York City Bar. The parties note, as an aggravating factor, that the respondent was issued an Admonition in 1994 for failing to return an unearned fee after being discharged by his client.
Based upon the foregoing, we find that, in view of the respondent's admitted misconduct, which demonstrates a longstanding failure to abide by the rules governing attorney accounts, including his failure to promptly disburse funds to clients, maintain required records, and reconcile the special account, and engaging in the commingling of business funds with client funds, as well as the mitigating and aggravating factors presented herein, a suspension from the practice of law is warranted (see Matter of Farkas, 133 AD3d 81; Matter of Barclay, 114 AD3d 128).
Accordingly, the motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) is granted, and the respondent is suspended from the practice of law for a period of three years.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and SGROI, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent, seeking the respondent's suspension from the practice of law for three years, is granted; and it is further,
ORDERED that the respondent, Osvaldo J. Gonzalez, admitted as Ozzie J. Gonzalez, is suspended from the practice of law for a period of three years, commencing November 9, 2018, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than May 10, 2021. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that, during the period of suspension and until further order of this Court, the respondent, Osvaldo J. Gonzalez, admitted as Ozzie J. Gonzalez, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Osvaldo J. Gonzalez, admitted as Ozzie J. Gonzalez, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Osvaldo J. Gonzalez, admitted as Ozzie J. Gonzalez, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court