Matter of Salzman (2019 NY Slip Op 06776)





Matter of Salzman


2019 NY Slip Op 06776


Decided on September 25, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
HECTOR D. LASALLE, JJ.


2018-04146

[*1]In the Matter of Leo Salzman, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Leo Salzman, respondent. (Attorney Registration No. 1043785)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The Grievance Committee commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by the service and filing of a notice of petition dated April 11, 2018, and a verified petition dated April 10, 2018. The respondent served and filed a verified answer dated May 11, 2018. Subsequently, the parties filed a joint stipulation of disputed and undisputed facts. By decision and order on application of this Court dated July 9, 2018, the issues raised were referred to the Honorable Abraham Gerges, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 6, 1974.



Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for petitioner.
Mischel & Horn, P.C., New York, NY (Richard E. Mischel of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated April 10, 2018, containing six charges of professional misconduct. After a preliminary conference on September 5, 2018, and a hearing on October 18, 2018, the Special Referee submitted a report dated December 4, 2018, in which he sustained all charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to confirm so much of the Special Referee's report as sustained charges four, five, and six, and disaffirm so much of the report as sustained charges one, two, and three, and requests that the Court impose a public censure or, in the alternative, remit the matter for Committee-level discipline. The Grievance Committee did not file papers in opposition or in response to the respondent's cross motion. In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained charges four, five, and six, and those charges are sustained. However, we find that the Special Referee improperly sustained charges one, two, and three, and those charges are not sustained.
The Petition
Charge four alleges that the respondent failed to maintain required bookkeeping records for his attorney escrow IOLA account, in violation of rule 1.15(d) of the Rules of Professional Conduct (22 NYCRR 1200.00), formerly DR 9-102(d) of the Code of Professional Responsibility (22 NYCRR 1200.46[d]), as follows:
Beginning in or about the late 1980s or early 1990s, the respondent maintained an attorney escrow IOLA account at Citibank, account number ending in 6566, entitled "Leo Salzman, Atty Escrow Acct IOLA Account" (hereinafter IOLA account). Until in or around late 2015, the respondent failed to maintain a ledger book or similar records for his IOLA account showing the source of all funds deposited therein; the names of all persons for whom funds were held; the amount of such funds; the charges or withdrawals from the account; the purpose of each withdrawal, charge, and disbursement; and the names of all persons to whom such funds were disbursed.
Charge five alleges that the respondent misappropriated interest accrued on escrow funds for his own use and benefit, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), formerly DR 9-102(a) of the Code of Professional Responsibility (22 NYCRR 1200.46[a]), as follows:
In or about the early 1980s, the respondent opened a non-escrow money market plus account at Citibank, account number ending in 2260 (hereinafter non-escrow account), on which he and his wife were signatories. Throughout the 1980s and continuing until in or about the early 1990s, the respondent deposited all funds entrusted to him as a fiduciary, incident to his practice of law, into his non-escrow account. During this period, on numerous occasions, the respondent paid himself the interest accrued on escrow funds that he was holding in his non-escrow account.
Charge six alleges that the respondent failed to remit interest accrued on escrow funds to the persons entitled thereto, or to notify them of the existence of such interest, in violation of rule 1.15(c) of the Rules of Professional Conduct (22 NYCRR 1200.0), formerly DR 9-102(c) of the Code of Professional Responsibility (22 NYCRR 1200.46[c]), as follows:
Throughout the 1980s and continuing until in or about the early 1990s, the respondent deposited all funds entrusted to him as a fiduciary, incident to his practice of law, into his non-escrow account. In or about the late 1980s or early 1990s, the respondent opened the IOLA account referred to in charge four, but continued to deposit funds entrusted to him as a fiduciary, incident to his practice of law, into his non-escrow account. Thereafter, and continuing through the present, when interest accrued on escrow funds maintained in the non-escrow account, the respondent left said interest in that account.
Findings and Conclusion
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained charges four, five, and six, and those charges are sustained. However, we find that the Special Referee improperly sustained charges one, two, and three, and those charges are not sustained. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted to the extent that charges four, five, and six are sustained, and denied to the extent that charges one, two, and three are not sustained. The respondent's unopposed cross motion to confirm in part, and disaffirm in part, the Special Referee's report is granted, and charges four, five, and six are sustained, and charges one, two, and three are not sustained.
In determining an appropriate sanction, the respondent's counsel requests that the Court impose a public censure or, in the alternative, remit the matter to the Grievance Committee to impose a lesser measure of discipline in view of the mitigation advanced, including the respondent's expressed remorse and acceptance of responsibility, the remedial measures instituted, the absence of any complaints filed by a client or non-client, his cooperation with the Grievance Committee, the character evidence, and his unblemished disciplinary record throughout 44 years of practice.
Notwithstanding the aforementioned mitigating factors, it cannot be said that the respondent's misconduct was isolated. Instead, the record demonstrates that the respondent failed to abide by the rules governing the maintenance of attorney escrow accounts for decades. From the early 1980s until sometime in the 1990s, the respondent failed to deposit client funds into an escrow account, and instead deposited those funds into his personal money market account, on which his wife, a non-attorney, was a signatory. Although the respondent opened an IOLA account in the 1990s, he continued to deposit fiduciary funds in the non-escrow account. Through the years, that account generated interest income on client funds. While this Court has long held that interest [*2]generated on client funds is the exclusive property of the client (see Matter of Caramico, 161 AD2d 18; Matter of Silberzweig, 153 AD2d 1), on numerous occasions, the respondent removed client interest income from the non-escrow account for his own use and benefit. Later, after the respondent ceased withdrawing interest income from the non-escrow account, he failed to remit the accumulated interest to his clients. It was only after the Grievance Committee commenced an investigation that the respondent began returning interest income to his clients. However, given the passage of time, he has been unable to locate all clients entitled to the interest income. As a result, there remains undistributed interest income in the non-escrow account belonging to the respondent's former clients.
Under the totality of the circumstances, we conclude that the respondent's conduct warrants his suspension from the practice of law for a period of two years (see Matter of Farkas, 133 AD3d 81). Additionally, in light of the respondent's suspension from the practice of law, he is directed to release, forthwith, the unremitted interest which was generated upon client or third-party funds in the non-escrow account to the Lawyers' Fund for Client Protection, for safeguarding and disbursement to the person or persons determined to be entitled thereto (see rule 1.15[f] of the Rules of Professional Conduct [22 NYCRR 1200.0]).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and LASALLE, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted to the extent that charges four, five, and six are sustained, and denied to the extent that charges one, two, and three are not sustained; and it is further,
ORDERED that the respondent's unopposed cross motion to confirm in part, and disaffirm in part, the Special Referee's report is granted, and charges four, five, and six are sustained, and charges one, two, and three are not sustained; and it is further,
ORDERED that the respondent, Leo Salzman, is directed to release, forthwith, all unremitted interest which was generated upon client or third-party funds in his non-escrow money market plus account at Citibank, account number ending in 2260, to the Lawyers' Fund for Client Protection, for safeguarding and disbursement to the person or persons determined to be entitled thereto; and it is further,
ORDERED that the respondent, Leo Salzman, is suspended from the practice of law for a period of two years, commencing October 25, 2019, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than April 26, 2021. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law; (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a); and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Leo Salzman, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Leo Salzman, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Leo Salzman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court