Matter of Fury (2021 NY Slip Op 05700)





Matter of Fury


2021 NY Slip Op 05700


Decided on October 20, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS, JJ.


2016-10890

[*1]In the Matter of Michael J. Fury, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Michael J. Fury, respondent. (Attorney Registration No. 2432946)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The Grievance Committee commenced this disciplinary proceeding pursuant to 22 NYCRR 1240.8 by the service and the filing of a notice of petition dated March 16, 2017, and a verified petition dated March 17, 2017, and the respondent served and filed a verified answer dated April 24, 2017. By decision and order on motion dated September 13, 2017, this Court, upon its own motion, referred the matter to Marc S. Oxman, as Special Referee, to hear and report on the underlying issues, as well as to report on any evidence in mitigation and/or aggravation. Thereafter, by stipulation of the parties dated October 23, 2019, the verified petition and verified answer were amended. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 11, 1991.



Catherine Sheridan, Acting Chief Counsel, White Plains, NY (Glenn E. Simpson of counsel), for petitioner.
Richard E. Grayson, White Plains, NY, for respondent.


PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Ninth Judicial District served the respondent with a verified petition dated March 17, 2017. Thereafter, by stipulation of the parties dated October 23, 2019, the verified petition and verified answer were amended, and on December 20, 2019, the verified answer was further amended. The amended petition contains 14 charges of professional misconduct. Following a hearing on October 31, 2019, the Special Referee submitted a report dated April 13, 2020, in which he sustained the charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems just and proper. The respondent, through counsel, has requested that the Court disaffirm the Special Referee's report and dismiss the charges, or in the alternative, if the Court deems it appropriate to impose discipline, that it be limited to a public censure. In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained charges 1, 4, 5, 6, 7, 8, 11, 12, 13, and 14, and those charges are sustained. However, we find that the Special Referee improperly sustained charges 2, 3, 9, and 10, and those charges are not sustained.
The Petition as Amended
Charge 1, as amended, alleges that the respondent breached his fiduciary duties in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), formerly DR 9-102(a) of the Code of Professional Responsibility (22 NYCRR 1200.46[a]), as follows:
Between 2007 and February 2011, the respondent was a signatory to an attorney trust account [*2]maintained at Key Bank, entitled "Fury Kennedy & Griffin IOLA Trust Account," account number ending in 0031 (hereinafter the FKG escrow account). On or about February 2, 2011, the FKG escrow account was closed and the balance of funds on deposit, totaling approximately $640,504.63, was transferred into a separate Key Bank escrow account of which the respondent was also a signatory, entitled "Michael H. Fury, Esq. Attorney Escrow Account," account number ending in 0584 (hereinafter the Fury escrow account). The respondent's father, Michael H. Fury, who was the senior partner in the subject law firm, was responsible for the reconciliation of both the FKG escrow account and Fury escrow account. Subsequently, however, in or about November 2011, the respondent became the only person utilizing the Fury escrow account.
Despite the respondent having maintained client funds in both the FKG escrow account and the Fury escrow account, he failed to make adequate efforts to review and reconcile the transactional activity and integrity of the accounts.
Charge 4, as amended, alleges that the respondent commingled personal and firm funds with funds held in his escrow accounts, incident to the practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), formerly DR 9-102(a) of the Code of Professional Responsibility (22 NYCRR 1200.46[a]), as follows:
In addition to the factual specifications set forth in charge 1, the petition alleges that in one or more of the following client matters, legal fees earned were either improperly deposited into the firm's escrow accounts and/or not promptly disbursed from the firm's escrow accounts:
Client Matter Approx. Fee Amount Deposit Date
Bow $500 3/10/11
Considine $550 1/31/11
Devlin $450 3/25/11
Estate of Fallo $5,500 3/25/11
Estate of Harrington$727 1/31/11
Joyce$500 3/25/11
Kelly$450 1/31/11
Minichini $650 3/10/11
Shenkman to Skop$1,500 3/10/11
Charges 5 and 6, as amended, allege that the respondent breached his fiduciary duties by failing to take reasonable steps to ensure that the funds maintained in the FKG escrow account were safeguarded, and engaged in conduct adversely reflecting on his fitness to practice law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), formerly DR 9-102(a) of the Code of Professional Responsibility (22 NYCRR 1200.46[a]), and rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), formerly DR 1-102(a)(7) of the Code of Professional Responsibility (22 NYCRR 1200.3[a][7]), respectively, as follows:
In addition to the factual specifications set forth in charge 1, the petition alleges that disbursements relating to a Burns/Novak matter, which was a client matter primarily handled by F. Hollis Griffin, who has been disbarred, were made from the FKG escrow account and exceeded the funds on deposit for that matter at the time of the transaction, as follows:
From on or about November 21, 2007, through January 10, 2011, there were 22 deposits totaling $358,250 into the FKG escrow account on behalf of the Burns/Novak matter. From on or about December 5, 2007, through January 13, 2011, there were 32 disbursements totaling $363,600 from the FKG escrow account on behalf of the Burns/Novak matter.
Additionally, while investigating the transactional history of this matter, in or about February 2017, the respondent discovered that the firm should have held approximately $12,900 as security for a Burns/Novak mortgage, but he had been unable to identify any other deposits relating to the Burns/Novak matter.
The respondent, moreover, had been unable to identify the source of funds on deposit in the Fury escrow account. Accordingly, in or about December 2017, pursuant to rule 1.15(f) of the Rules of Professional Conduct (22 NYCRR 1200.0), the respondent filed a petition with the Supreme Court, Rockland County, seeking an order permitting him to turn over $191,838.59 in unidentified funds from the Fury escrow account to the Lawyers' Fund for Client Protection (hereinafter the Lawyers' Fund). By order dated March 22, 2018, the petition was granted.
Charge 7, as amended, alleges that, in addition to the factual specifications set forth in charge 1, the respondent failed to promptly pay or deliver to a client or third person funds in his possession that the client or third person was entitled to receive, in violation of rule 1.15(c)(4) of the Rules of Professional Conduct (22 NYCRR 1200.0), formerly DR 9-102(c)(4) of the Code of Professional Responsibility (22 NYCRR 1200.46[c][4]), as follows:
FKG Escrow Account:
Matter Approx. Amount Deposit Date Date DisbursedRemaining Bal.
Geoffrey $ 450 03/17/08 03/14/16
Calisti $ 8,992 06/06/05 08/23/16
Ball Est. $20,036.90 09/21/07 04/12/18 $17,936.90
Distel Est. $ 170 04/01/09 03/14/16
Stala Est. $ 122 04/04/08 03/14/16
Fahey $ 300 06/13/08 03/14/16
Franco/Pleeter $ 3,948.55 12/10/07 04/19/17
Kerr Est. $ 163.07 02/05/09 04/12/18
LeClair $ 650 03/11/08 04/26/17
Levinson $ 400 12/08/08 04/12/18
Marks/Shaw $15,019.95 2005 04/12/18
Marks/Martorano $20,425.64 2005 04/12/18
Fury Escrow Account:
Matter Approx. Amount Deposit Date Date Disbursed
Kandler Est. $11,980 02/23/12 04/12/18
Robbie/Fitzpatrick $ 4,231.53 03/28/12 04/12/18
Minichini $ 650 03/10/11 02/10/16
Moreno $ 50.80 08/21/12 04/27/17
O'Donnell/Stanley $ 85.41 08/24/11 04/12/18
O'Keefe/Nee $ 214.57 06/14/12 04/12/18
Further, the funds on behalf of the Levinson, Marks, and O'Donnell matters were not disbursed to the respective client and/or third parties entitled to received them, but were deposited with the Lawyers' Fund.
Charge 8, as amended, alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to timely comply with a lawful request of the Grievance Committee, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
In addition to the factual specifications set forth in charge 1, the petition alleges that by letter dated March 29, 2016, the respondent was asked to identify the corresponding deposits for check #12687 and #12688 (both in the amount of $37,500) paid to Jay Theise and Cedar Lake Lodge, which cleared the FKG escrow account on April 7, 2009, and April 8, 2009, respectively. By letter dated April 21, 2016, a second request was made for the same.
By letter dated August 26, 2019, the respondent advised the Grievance Committee that the subject real estate transaction had not closed, and advised that the $75,000 relating to the Theise/Cedar Lake disbursements was deposited into the Fury escrow account on or about December 2, 2005.
Charges 11 and 12, as amended, allege that the respondent breached his fiduciary duties by failing to take reasonable steps to ensure that the funds maintained in the FKG escrow account were safeguarded, and failed to ensure corresponding deposits were available in the Escrow/IOLA accounts before disbursements were made, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), formerly DR 9-102(a) of the Code of Professional Responsibility (22 NYCRR 1200.46[a]), and, in effect, rule 8.4(h) of the Rules of Professional Conduct, formerly DR 1-102(a)(7) of the Code of Professional Responsibility (22 NYCRR 1200.3[a][7]), respectively, as follows:
In addition to the factual specifications set forth in charge 1, the petition alleges that the respondent, on April 28, 2008, made the following disbursements from the FKG escrow account, on behalf of a Hohmann matter, without correlating funds on deposit: check #12612 in the amount of $1,400; check #12613 in the amount of $5,211; check #12614 in the amount of $26,389; check #12617 in the amount of $750; and check #12618 in the amount of $1,250.
By letter dated March 14, 2016, the respondent advised the Grievance Committee that on March 6, 2008, his father, Michael H. Fury, had mistakenly deposited a contract down payment in the amount of $35,000 into the firm's business account instead of the FKG escrow account. On or about March 11, 2016, the respondent deposited a check in the amount of $35,000 drawn on a personal account of Michael H. Fury into the Fury escrow account.
Charge 13, as amended, alleges that the respondent breached his fiduciary duties by failing to account for funds held in his attorney escrow account, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), formerly DR 9-102(a) of the Code of Professional Responsibility (22 NYCRR 1200.46[a]), as follows:
In addition to the factual specifications set forth in charge 1, the petition alleges that the respondent has been unable to fully identify whose funds were on deposit in the FKG escrow account on September 30, 2007, and in the Fury escrow account on February 3, 2011.
Charge 14, as amended, alleges that the respondent failed to make appropriate arrangements for the maintenance of records upon the dissolution of a law firm, in violation of rule 1.15(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), formerly DR 9-102(h) of the Code of Professional Responsibility (22 NYCRR 1200.46[h]), as follows:
In addition to the factual specifications set forth in charge 1, the petition alleges that the respondent, a member of the law firm of Fury, Kennedy & Griffin, and the law firm Law Offices of Michael H. Fury, failed upon the dissolution of those firms to make appropriate arrangements for the maintenance of the records necessary to account for the funds held in the FKG escrow account that were transferred into the Fury escrow account.Findings and Conclusion
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained charges 1, 4, 5, 6, 7, 8, 11, 12, 13, and 14, and those charges are sustained. However, we find that the Special Referee improperly sustained charges 2, 3, 9, and 10, and those charges are not sustained. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted to the extent that charges 1, 4, 5, 6, 7, 8, 11, 12, [*3]13, and 14 are sustained, and denied to the extent that charges 2, 3, 9, and 10 are not sustained.
In seeking dismissal of the charges, or in the alternative, the imposition of a public censure, the respondent's counsel points to the respondent's position as an "associate" in both firms, his efforts to disburse the accumulated escrow funds to the parties entitled to receive them, his deposit of the remaining accumulated escrow funds with the Lawyers' Fund, and his lack of prior disciplinary history.
Notwithstanding the mitigation advanced, the record demonstrates that while the respondent was a signatory on the FKG escrow account and the Fury escrow account, a period spanning approximately nine years prior to the underlying grievance investigation, he failed to honor his duties as a fiduciary and abide by the rules governing the maintenance of an escrow account. Most significant was the respondent's failure to have taken steps toward reconciling the Fury escrow account for the approximate five years after becoming the sole attorney utilizing the account in or about November 2011. It was not until the petitioner's investigation, which, in essence, forced the respondent to reconcile the account, did that process begin. While the respondent points to the deposit of more than $190,000 with the Lawyers' Fund, the Court notes that it is unlikely those funds will ever be returned to their rightful owners, as the respondent has not put them on notice that their funds had been transferred to the Lawyers' Fund.
Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of two years (see Matter of Farkas, 133 AD3d 81).
LASALLE, P.J., MASTRO, RIVERA, DILLON and CHAMBERS, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted to the extent that charges 1, 4, 5, 6, 7, 8, 11, 12, 13, and 14 are sustained, and denied to the extent that charges 2, 3, 9, and 10 are not sustained; and it is further,
ORDERED that the respondent, Michael J. Fury, is suspended from the practice of law for a period of two years, commencing November 19, 2021, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than May 19, 2023. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law; (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a); and (4) otherwise properly conducted himself; and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Michael J. Fury, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Michael J. Fury, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
LASALLE, P.J., MASTRO, RIVERA, DILLON and CHAMBERS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court